# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

RUTH PROVINE,

        Plaintiff

   v.

AMBULATORY HEALTH
SERVICES, INC., et al.,

        Defendants

CIVIL ACTION NO. 4:13-CV-0334

(BRANN, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

I.   **BACKGROUND AND PROCEDURAL HISTORY**

This is an action arising out of Defendants' termination of the employment of Plaintiff, Ruth Provine ("Provine"), as a Nursing Supervisor two weeks after she returned from a Family and Medical Leave Act leave and alleges violations of the Family and Medical Leave Act of 1993, (FMLA), 29 U.S.C. § 2601 et seq. (Doc. 1). Defendants allege that Provine was terminated because she was not properly and adequately performing a number of her duties, and only after counseling and formal warnings consistent with Defendants' progressive discipline policy. Defendants also assert that Provine received a two-day unpaid suspension, the final step of the progressive disciplinary process before discharge. Defendants aver that it was after the first day of her unpaid suspension, that Provine first requested FMLA paperwork, citing a sleep disorder, and that after receiving the appropriate certification, Provine was granted her twelve full weeks of FMLA leave. When Provine returned from her leave, Defendants allege that her performance problems continued until two weeks after her return when her employment was terminated.

Presently before the Court is a Motion to Compel filed by Plaintiff (Doc. 23). In her motion, Provine raises three issues and seeks sanctions, costs and fees associated with her motion. Specifically, Provine seeks this Court to compel the Defendants' search of the Electronically Stored Information. Provine also raises concerns regarding spoliation of evidence by the Defendants and seeking a mirror image of Defendants' hard drive. These two issues have been addressed in the Court's Order of November 4, 2013 (Doc. 25). Finally, Provine seeks the personnel and FMLA files of sixteen individuals who Provine asserts may be comparators, and avers that by Defendants not producing the personnel and FMLA files of these individuals, they are in violation of this Court's previous Order of August 28, 2013. (Doc. 19). Defendants submit that the individuals named are not comparators to the Plaintiff and therefore Defendants are not obligated to provide the requested files for these individuals.

II. **DISCUSSION**

    A. **STANDARD**

As a general matter, the Federal Rules of Civil Procedure "allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir.1999). Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b) (1).

Rulings relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. *Sloan v. Murray*, Civ. No. 11–cv0994, 2013 WL 5551162, *2 (M.D.Pa.

Oct.8, 2013) (citing *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir.1986)). The discretion is guided, however, by certain basic principles. It is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Valid claims of relevance and privilege still restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in broad terms as information which need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). The party seeking discovery must make a threshold showing that the items sought in the discovery request are reasonably calculated to lead to the discovery of admissible evidence. Once this showing is made, the burden shifts to the party resisting the discovery, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Option One Mortgage Corp. v. Fitzgerald*, 2009 WL 648986, *2 (M.D.Pa. Mar.11, 2009).

However, while the scope of discovery pursuant to Rule 26 is broad, it is not unlimited and may be circumscribed, and should not serve as a fishing expedition. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 189 (3d Cir.1999); S*mith v. Lyons, Doughty & Velduius, P.C.*, C.A. No. 07–5139 (JHR), 2008 WL 2885887, at *5 (D.N.J. 2008); *Claude P. Bamberger Intern., Inc. v. Rohm and Haas Co.*, 1998 WL 684263, at *2 (D.N.J. 1998) (while the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not appear germane merely on the theory that it might become so.) In the

employment discrimination context it can hardly be disputed that discovery directed to similarly situated employees is relevant.

### B. SIMILARLY SITUATED INDIVIDUALS

Provine initially requested, through the normal course of discovery, "[a]ll personnel data related to Plaintiff Ruth Provine and any employee of [GBHCC] named in the Complaint, Answer, Joint Case Management Plan, Initial Disclosures, and discovery responses during the period of the beginning [sic] of their respective employment with [GBHCC] …." Defendants objected to this request. The Court then held a discovery conference on this issue, after which, the Court issued an Order (Doc. 19) directing the Defendants to "produce the personnel and FMLA files of those individuals who are similarly situated to Plaintiff, i.e. work in the same position as Plaintiff under the same supervisors." Although Defendants did produce the personnel and FMLA documents of Defendants Alexander and Kindig, and those of the RN supervisors terminated by Defendant GBHCC since January 1, 2008, Provine contends that there are sixteen other individuals who may be comparators. (Doc. 23). As the parties could not agree on the question of which, if any, additional individuals, constitutes a proper comparator, Provine filed the instant Motion to Compel with the Court, in which she seeks production of the personnel and FMLA files of those sixteen other individuals[1] whom she claims to be comparators in this case.

---

[1] Those sixteen individuals are Pat Ruynon, Kay Stammers, Sue Sylvester, Deb Moore, Dave Nolte, Kathy McKee, Trudy Faux, Linda Stiansen, Sharon Keck, Susan McLaughlin, Carrie Brestowski, Tina Thomas, Barbara Traugh, Cheryl Dent (Plaintiff's replacement), Polly Hill (Plaintiff's replacement), and Cassie Lovelace (Plaintiff's replacement).

Similarly situated employees are those who "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Terrell v. City of Harrisburg Police Dep't*, 549 F. Supp. 2d 671, 681-82 (M.D. Pa. 2008); citing *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 603 (M.D.Pa.2002); see also *Red v. Potter*, 211 Fed.Appx. 82, 84 (3d Cir.2006) (stating that "in order to show that an employee is 'similarly situated,' all of the relevant aspects of employment need to be nearly identical"). "In determining whether similarly situated nonmembers of a protected class where treated more favorably than a member of the protected class, the focus is on the particular criteria or qualifications identified by the employer as the reason for the adverse action." *Simpson v. Kay Jewelers*, 142 F.3d 639, 646 (3d Cir.1998). It often involves a showing that "the individuals with whom the plaintiff seeks to compare [his] treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Reaves v. Pennsylvania State Police*, 1:09-CV-2549, 2012 WL 4970225 (M.D. Pa. Oct. 17, 2012); citing *Ogden v. Keystone Residence,* 226 F.Supp.2d 588, 604 (M.D.Pa.2002) (*quoting Morris v. G.E. Financial Assurance Holdings,* No. 00–3849, 2001 WL 1558039, at *6–*8 (E.D.Pa. Dec.3, 2001) (citations and internal quotation marks omitted)).

Although the Third Circuit has not explicitly stated what constitutes a similarly situated employee, it has accepted the standard used by other circuits that to be considered similarly situated, comparator employees must be similarly situated in all relevant respects. *Wilcher v.*

*Postmaster General*, 441 Fed. Appx. 879, 882, 2011 WL 3468322, *2 (3d Cir. 2011); *relying on Russell v. University of Toledo*, 537 F.3d 596 (6th Cir. 2008); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–261 (5th Cir. 2009). A determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in. *Wilcher*, 441 Fed. App'x at 882; *Lee*, 574 F.3d at 259–261; *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744 (7th Cir. 2006). While persons are similarly situated when they are alike in all relevant aspects, the law in the Third Circuit does not require a plaintiff to show that the comparators are identical in all relevant respects but only that they are alike. *Borrell v. Bloomsburg Univ.*, 3:12-CV-2123, 2013 WL 3287147 (M.D. Pa. June 28, 2013); *Mun. Revenue Servs., Inc. v. McBlain,* 347 Fed.Appx. 817, 825 (3d Cir. 2009). "Determining whether an individual is 'similarly situated' to another individual is a case-by-case fact-intensive inquiry." *Chan v. Cnty. of Lancaster,* No. 10–3424, 2011 WL 4478283, at *15 (E.D.Pa. Sept. 26, 2011) (citing *Monaco v. Am. Gen. Assurance Co.,* 359 F.3d 296, 305 (3d Cir.2004)).

The Fifth Circuit, in *Lee*, upon which the Third Circuit relies in its *Wilcher* decision, breaks down the definition of similarly situated further:

> We have considered the requirement for one employee to be similarly situated to another on any number of occasions. Employees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated. Likewise, employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated. This is because we require that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken "under nearly identical circumstances." The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same

6

> supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the "difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer," the employees are not similarly situated for the purposes of an employment discrimination analysis.

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259-60 (5th Cir. 2009)

Defendants raise the concern that, under Provine's interpretation of what constitutes a similarly situated employee in this case, they would be required to produce forty individuals' personnel and FMLA files. (Doc. 29, p. 12). However, Provine is not seeking the personnel and FMLA files of every RN supervisor employed by Defendants; she is seeking the files of sixteen individuals whom she has identified as potential comparators in this matter. Provine is not, as she submits, entitled to the personnel and FMLA files of any employee who is merely working in the same position as Provine, under the same supervisors. Defendants are correct that this interpretation of "similarly situated" ignores the third prong of the definition of that term, which focuses on the nature of the misconduct engaged in. See *Wilcher*, 441 Fed. App'x at 882. Such an interpretation would cause discovery in this matter to become the type of fishing expedition against which the courts caution. See, *e.g.*, *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 189 (3d Cir.1999). Nor is Provine only entitled to those files of individuals who worked as an RN under the same supervisors as Provine, and who were fired, as Defendants contend. Defendants construe the third prong of "similarly situated" too narrowly, and as Provine points out, such an interpretation would prevent her from discovering any comparator whose treatment for the disciplinary problems alleged against Provine was different. In this case, the Court finds that a similarly situated individual to Provine is likely an individual employed by

7

Defendants who worked as an RN under the same supervisors as Provine, and who was facing similar disciplinary issues, as this is the behavior which Defendants allege triggered Provine's termination.

However, the Court also finds that a final determination of whether the individuals whose personnel files are sought by Provine are indeed similarly situated is premature at this juncture of the case. See *Borrell v. Bloomsburg Univ.*, 3:CV-12-2123, 2013 WL 3287147, at \*12; *Thomas v. Coopersmith*, No. 11–7578, 2012 WL 3599415, at \*5 (E.D.Pa. Aug. 21, 2012); *Chan v. Cnty. of Lancaster*, No. 10–3424, 2011 WL 4478283, at \*15 (E.D.Pa. Sept. 26, 2011) (some courts in this Circuit have stated that a final determination of whether an individual is similarly situated is inappropriate even at the motion-to-dismiss stage.) Moreover, given the broad nature of discovery, and the fact that Provine has specifically identified the sixteen individuals whom she believes may be similarly situated individuals in this matter, her request for production is appropriate and will be granted. As such, Defendants are ordered to produce the personnel and FMLA files of the sixteen individuals identified by Provine within thirty (30) days of the Order accompanying this Memorandum.

    C. SANCTIONS

Provine also seeks sanctions against Defendants in the form of attorney fees and costs associated with the instant motion. (Doc. 23). Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a court to impose sanctions on a party who violates an order of the court to "provide or permit discovery." Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the

dismissal of all or part of the action. Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii). Whether to impose sanctions for failure to comply with discovery orders is committed to the court's discretion. *Banks v. Beard*, 2013 WL 3773837, *9 (M.D.Pa. July 17, 2013). Any sanction imposed should be just and must be specifically related to the particular claim or claims at issue in the order to provide discovery violated by the offending party. *Banks, supra*; citing *Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The Court is to assess the culpability of the offending party and the prejudice to the party seeking sanctions. See *Estate of Spear v. Commissioner of Internal Revenue*, 41 F.3d 103, 111 (3d Cir.1994). In so doing, Federal Rule of Civil Procedure 37(b)(2) provides a variety of sanctions which a court may impose.

In this matter, the Court finds that sanctions are not warranted and will not impose or order any sanctions against Defendants. The Court finds that Defendants complied with the Court's Order of August 28, 2013 (Doc. 19), and as that Order anticipated, the parties sought additional guidance, provided here, as to what constitutes an FMLA comparator in this case and whether Defendants must produce the sixteen additional files sought by Provine.

III. **CONCLUSION**

For the forgoing reasons, Plaintiff's Motion to Compel and for Sanctions (Doc. 23) is GRANTED in part and DENIED in part. An appropriate Order follows.

BY THE COURT:

Dated: January 6, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**